UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| CITY OF HUNTLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:13-cv-11-HSM-SKL |
| | ) | |
| FIRE TRUCKS PLUS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a motion by Defendant's counsel to withdraw as counsel of record [Doc. 16], along with a memorandum and affidavit in support [Doc. 17]. Defendant's counsel requests the withdrawal because, among other things, Defendant terminated the representation and informed counsel that the company was no longer operating. Counsel for Defendant states that under these circumstances, withdrawal is required pursuant to Rule 1.16(a)(3) of the Tennessee Rules of Professional Conduct. In the motion, counsel certified compliance with E.D. Tenn. L.R. 83.4(f) and Rule 1.16(c) of the Tennessee Rules of Professional Conduct. Neither Plaintiff nor Defendant filed any objection to the motion, and the Court deems the failure to respond as a waiver of any objection to the relief requested. E.D. Tenn. L.R. 7.2.

Pursuant to Local Rule 83.4 an attorney must send notice of his or her withdrawal to a client within certain time parameters, or the client may certify in writing that he or she agrees to the withdrawal of counsel. However, "[i]f the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel." E.D. Tenn. L.R. 83.4(f). I **FIND** extraordinary circumstances are set forth

in the motion and supporting affidavit. The motion to withdraw [Doc. 16] is therefore **GRANTED** and the Clerk is **DIRECTED** to terminate Attorneys John R. LaBar and Roger J. Bean as counsel of record for Defendant and to send a copy of this Order to Defendant at its last known address: 2045 and 2047 South Baker Avenue, Ontario, California, 91761.

Defendant is reminded that as a corporation, it may appear in court only through counsel, E.D. Tenn. L.R. 83.4(f), and thus it must obtain substitute counsel in order to defend itself in this litigation. Failure to obtain counsel could result in a default judgment being entered against Defendant. Defendant shall have **21 days** from the entry of this Order to have substitute counsel enter an appearance in this matter. No deadlines in the Court's Scheduling Order [Doc. 8] are affected by this Order.

SO ORDERED.

ENTER:

                                                s/ *Susan K. Lee*
                                                SUSAN K. LEE
                                                UNITED STATES MAGISTRATE JUDGE